# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANTHONY JAMES, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-22581 |
| Plaintiff, | **COMPLAINT – CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| MG LLC d/b/a TRANZACT, | |
| Defendant. | |

Plaintiff Anthony James (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Defendant MG LLC d/b/a Tranzact ("Defendant" or "Tranzact") who marketed its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

2. The recipients of Tranzact's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Tranzact makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3. Plaintiff Anthony James is an individual located in this District.

4. Defendant MG LLC d/b/a Tranzact is a Delaware limited liability company headquartered in New Jersey that makes telemarketing calls into this District.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has specific personal jurisdiction over Tranzact because the company does business in Florida and made telemarketing calls into this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

11. Defendant Tranzact is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number, XXX-XXX-2093, is Plaintiff's residential telephone line.

13. That number is used for residential purposes and is used for personal purposes.

14. That number is not associated with a business.

15. Plaintiff registered his number on the National Do Not Call Registry in March of 2007.

16. Despite this, Plaintiff received telemarketing calls from Tranzact, including at least five calls on April 25, 2023.

17. Plaintiff rejected the first three calls as they came from a Caller ID he did not recognize.

18. However, Tranzact continued its calling.

19. Plaintiff answered the last telemarketing call that was sent to him on April 25, 2023 from Tranzact.

20. The telemarketing calls mentioned that Tranzact offered insurance services and inquired if the call recipient was looking for health insurance.

21. During the last solicitation call, Plaintiff spoke with "Malcoy."

22. "Malcoy" identified himself as an employee of TZ Insurance and promoted Tranzact's business of selling health insurance services on the call.

23. To identify the call recipient's insurance needs for Tranzact, "Malcoy" asked some scripted questions.

24. These included the call recipient's age, current insurance policies, and location.

25. Plaintiff informed the caller that he was in Florida.

26. The solicitation for Tranzact continued with further questions about Plaintiff's possible insurance needs.

27. Plaintiff ended the call.

28. Tranzact has previously received complaints and lawsuits regarding contacting numbers in violation of the TCPA, or retaining others to do so.

29. Prior to initiating this lawsuit, counsel for Plaintiff contacted Defendant.

30. Defendant did not deny that the conduct occurred but claimed that it had consent to contact Plaintiff because he provided his phone number on a specific website on April 25, 2023.

31. Plaintiff did not visit that website or provide his phone number to Defendant on a website that permitted it to contact him.

32. The calls were not necessitated by an emergency.

33. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the Complaint through the date of trial.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

4

36. Plaintiff brings all claims in this action individually and on behalf of all Class members against Defendant.

### Numerosity

37. Members of the Class are so numerous that their individual joinder is impracticable.

38. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, members of the Class number in the thousands.

39. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

40. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

41. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.

42. Common legal and factual questions include, but are not limited to, whether Defendant has violated the TCPA and whether Class members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

43. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class members, received unsolicited telephonic sales calls from Defendant without giving it his consent to receive such calls.

### Adequacy of Representation

44.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

45.     The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

46.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.

47.     Many of the Class members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

48.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

49.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.

50.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

51.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227
### On Behalf of Plaintiff and the Telephone Consumer Protection Act
### Do Not Call Registry Class

52. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

54. Defendant's violations were negligent, willful, or knowing.

55. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

56. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

      A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising its goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

      B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

      C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

      D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

Dated: July 12, 2023

Respectfully submitted,

**/s/ Geoffrey J. Moul**
Geoffrey J. Moul, Lead Counsel (92496)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: moul@mmmb.com

*Counsel for Plaintiff*